Jack KAPLAN, Plaintiff,

v.

RED ARROW ENTERPRISES, INC.,
Defendant,

and

Industrial Concepts, Inc., Defendant.

Civ. A. No. 70–1140.

United States District Court,
E. D. Pennsylvania.

June 3, 1971.

Leonard J. Cook, Henry J. Donner, Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia, Pa., for plaintiff.

John J. Cannon, Kania & Garbarino, Rosemont, Pa., for defendants.

OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Presently before the Court is plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff seeks to recover the sum of $15,000 which he advanced to defendant Industrial Concepts, Inc., (I.C.I.) and which has not been repaid. Subsequent to the advancement of this money, Red Arrow. Enterprises, Inc., (Red Arrow)

acquired all of the outstanding stock of I.C.I. and assumed its outstanding debts. Consequently plaintiff seeks repayment of the alleged debt by Red Arrow.

It is undisputed that during the first six months of 1968 plaintiff advanced $15,000 to I.C.I. The controversy arises as to the terms under which the advancement was made. Plaintiff alleges that he entered into an oral agreement with his nephew, Stuart Natof, president of I.C.I., under which plaintiff would make a loan of $15,000 to I.C.I. which was to be used to establish, as part of I.C.I.'s business, the Carteret Car Automazing Center (Carteret). The loan was to be repaid out of the profits of Carteret, or, if Carteret realized no profits, was to be repaid by I.C.I. Defendants contend that the $15,000 advancement was not a loan, but rather an investment by plaintiff for which he was to receive 25% of the profits of Carteret and that he was not entitled to repayment if Carteret did not produce profits.[1]

Both parties have submitted affidavits in support of their respective positions. Plaintiff's affidavit contains a statement by Natof that the money advanced by plaintiff was a loan, which, in the event that Carteret did not produce profits, was to be repaid by I.C.I. Also contained therein is a balance sheet of I.C.I. prepared pursuant to the acquisition by Red Arrow which describes the $15,000 as a "loan payable." Defendants' affidavit contains copies of I.C.I.'s cash receipts journal which credits the money advanced by plaintiff as "capital stock" and "investment". It also contains a copy of I.C.I.'s balance sheet as of June 30, 1968, after the money had been advanced, which does not show any obligation to plaintiff.

The parties have also made considerable reference to the terms under which Red Arrow acquired I.C.I.'s outstanding stock. The parties agreed to a formula whereby I.C.I. stockholders were to receive 125,000 shares of Red Arrow stock valued at one dollar per share, with the 125,000 share figure to be reduced by one share for every one dollar of decrease in I.C.I.'s stockholders' equity over and above $23,677.50. Accordingly, the amount of Red Arrow stock received by I.C.I.'s stockholders was reduced by over 50,000 shares. Part of that reduction, 15,000 shares, was attributable to the advancement made by plaintiff.

It is plaintiff's position that, by paying $15,000 less for I.C.I.'s stock than it would have had it not been for plaintiff's advancement, defendant acknowledged the debt to him and should not now be permitted to repudiate it. Defendants, on the other hand, maintain that the reduction was made to reflect liabilities of I.C.I. which were not shown on the June 30, 1968 balance sheet. While no obligation to plaintiff appeared on the sheet, nevertheless there was a contingent liability to pay him 25% of Carteret's profits, so Red Arrow therefore reduced its purchase price by $15,-000, the amount which plaintiff paid for the right to those profits.

Finally, both parties have submitted a copy of a January, 1969, letter from Stuart Natof to plaintiff which is a written clarification of the terms under which plaintiff advanced the $15,000 to I.C.I. The letter does not contain any reference to a loan, but merely states that in consideration of the money which he advanced, plaintiff was to receive 25% of the profits of Carteret.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.Rules Civ.Proc., Rule 56(c), 28 U.S. C.A. The foregoing clearly indicates

---

1. Carteret operated at a loss throughout its duration. The business was closed by Red Arrow on or about December 31, 1969.

the presence of an issue as to a material fact, indeed the material fact of this case. Accordingly the action is not an appropriate one for summary adjudication and plaintiff's motion for summary judgment will be denied.